RATLIFF JACKSON LLP
FOCUSED ON JUSTICE DRIVEN BY RESULTS

**RATLIFF JACKSON, LLP**
Terrell A. Ratliff, Esq.
*Member of the NJ & PA Bars*
✆ (856) 209-3111x103
✉ Terrell@RatliffJackson.com

**July 14, 2026**

**VIA ECF AND E-MAIL**
Honorable Michael A. Shipp, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re: United States v. Thomas Lee, Crim. No. 26-CR-00333**
**Application for Release on Conditions Pursuant to 18 U.S.C. §§ 3142 and 3143(a)(1)**

Dear Judge Shipp:

This firm represents defendant Thomas Lee, who is scheduled to enter a plea of guilty before Your Honor on July 22, 2026, at 2:00 p.m., to a one-count Information charging conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Mr. Lee respectfully requests that the Court order his release on the conditions proposed below, effective upon or before entry of his plea.

**Legal Standard**

Because Mr. Lee will stand convicted upon entry of his plea, this application is framed under the post-plea standard. Under 18 U.S.C. § 3143(a)(1), a defendant who has been found guilty and is awaiting imposition of sentence shall be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). Upon that finding, release is mandatory: the judicial officer "shall order the release of the person in accordance with section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Mr. Lee carries that burden here, and the record set forth below satisfies it. The offense of conviction, a non-violent financial offense, is not among the offenses enumerated in 18 U.S.C. § 3142(f)(1)(A)–(C), and the mandatory-detention provision of § 3143(a)(2) therefore does not apply. To the extent the Court addresses this application before the plea is entered, the familiar factors of 18 U.S.C. § 3142(g) govern and are addressed below.

**Proposed Conditions of Release**

1. Release on an appearance bond secured by the real property located at 8 Forrestal Drive, Beverly (Edgewater Park Township), New Jersey 08010, owned by the defendant's mother, Gloria E. Evans (2026 municipal assessment: $142,300).

2. Gloria E. Evans to serve as third-party custodian. Ms. Evans is the defendant's 78-year-old mother, a lifelong New Jersey resident, retired, with no criminal history and no history of bankruptcy. Mr. Lee resided at her home prior to his arrest and would return there.

3. Home detention at 8 Forrestal Drive with location monitoring as directed by Pretrial Services, with leave for medical treatment, court appearances, and attorney visits.

4. Financial-activity restrictions: Mr. Lee shall not open, close, or serve as signatory or registered agent on any bank account or business entity; shall not engage in any financial transaction exceeding an amount set by Pretrial Services without prior approval; and shall not obtain new lines of credit.

5. Surrender of all travel documents; no new applications; travel restricted to the District of New Jersey and the Eastern District of Pennsylvania (for counsel visits and medical care).

6. Continued compliance with all prescribed medical treatment, and all other standard conditions of release.

**Mr. Lee Is Not a Flight Risk**

Mr. Lee is 56 years old and a lifelong resident of New Jersey. His proposed residence is his mother's home, where he lived before his arrest and where every treating physician of record locates him. His acceptance of responsibility is not prospective. He executed a plea agreement on February 17, 2026, is scheduled to enter his plea before Your Honor, and has stipulated to a sentencing framework that gives him certainty about his exposure and every incentive to appear. The proposed bond is secured by his mother's home, the entire asset base of a 78-year-old retiree living on Social Security and a State pension. Flight would cost his mother her house. Finally, Mr. Lee's documented medical condition tethers him to his New Jersey treatment providers. He is post-anterior cervical discectomy and fusion (September 2024), post-right-knee arthroscopy (March 2025), and remains under active treatment for cervical and lumbar radiculopathy, including a neurosurgical follow-up requiring updated imaging. He is not a candidate for flight in any practical sense.

**Mr. Lee Poses No Danger to the Community**

The offense of conviction is a non-violent financial offense. In the plea agreement, the Government has stipulated that Mr. Lee was a minor participant in the conspiracy, U.S.S.G. § 3B1.2(b). The charged conduct is fully neutralized by the proposed conditions: home detention,

location monitoring, custodial supervision, and a categorical bar on account-opening, entity registration, and unsupervised financial transactions. The Court can eliminate the only risk the record identifies.

Counsel acknowledges that the plea agreement stipulates Mr. Lee was serving a sentence of probation during the offense conduct, and the defense does not minimize that fact. But the conditions proposed here bear no resemblance to unsupervised probation. Mr. Lee would be confined to his mother's home under electronic monitoring, under the supervision of a third-party custodian, stripped of the financial instruments the offense required, with his mother's home pledged as security.

**Medical Circumstances Support Release**

Mr. Lee's treatment records (enclosed in relevant part) document a C5-6/C6-7 anterior cervical discectomy and fusion performed September 3, 2024; right knee arthroscopy performed March 4, 2025; ongoing cervical and lumbar radiculopathy confirmed by EMG; a prescribed regimen including scheduled pain management; a pending neurosurgical directive for one-year post-fusion cervical imaging; and physician-ordered physical therapy three times weekly. Continuity of this care is materially better assured under home detention with his existing providers than in pretrial custody, and the Government's interest in confinement is fully served by the conditions proposed.

**Conclusion**

Pretrial Services is in possession of the completed third-party custodian package for Ms. Evans, including proof of identity, residence, property assessment, and income. Mr. Lee respectfully requests that the Court set conditions of release as proposed above, effective upon entry of his plea on July 22, 2026, or at the Court's earliest convenience. Counsel is available for a hearing at the Court's direction.

Respectfully Submitted,

Terrell A. Ratliff, Esq.

Encl.: Proposed Third Party/Cosigner Form (G. Evans, executed July 13, 2026); custodian identification; Edgewater Park Township 2026 property assessment; SSA-1099 and Form 1099-R (2025); medical records excerpts (Elite Specialty Care)

cc: Benjamin D. Bleiberg, AUSA (via e-mail); Shannon Hull, U.S. Pretrial Services (via email)

TR/lg