**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

AE/BDB/PL AGR
2024R00445

February 5, 2026

Alyssa Cimino
Cimino Law LLC
376 Hollywood Avenue Suite 206
Fairfield, NJ 07004

RECEIVED
JUL 22 2026
AT 8:30__________M
CLERK, U.S. DISTRICT COURT - DNJ

Criminal Number: 26-333-01 (MAS)

Re: Plea Agreement with Thomas Lee

Dear Counsel:

This letter sets forth the plea agreement between your client, Thomas Lee ("LEE"), and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **February 12, 2026**, if it is not accepted in writing by that date. If LEE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from LEE to a one-count Information, which charges LEE with conspiracy to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If LEE enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against LEE for his role in a bank fraud scheme, which included opening bank accounts under false pretenses and depositing stolen checks into those accounts between in and around March 2023 and June 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against LEE even if the applicable statute of limitations period for those charges expires after LEE signs this agreement, and LEE agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which LEE agrees to plead guilty in the Information carries a statutory maximum prison sentence of 30 years and a statutory maximum fine of $1,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon LEE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence LEE ultimately will receive.

Further, in addition to imposing any other penalty on LEE, the sentencing judge as part of the sentence:

(1) will order LEE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order LEE to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) may order LEE, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461; and

(5) pursuant to 18 U.S.C. § 3583, may require LEE to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should LEE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, LEE may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, LEE agrees to pay full restitution to the victims of the offense charged in the Information in an amount that fully compensates the victims for the losses sustained as a result of the offense, including but not limited to those losses detailed in paragraph 2 of the Attached Schedule A.

Forfeiture

As part of LEE s acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c), LEE agrees to forfeit to the United States all of right, title, and interest in any property constituting, or derived from, proceeds LEE obtained directly or indirectly, as a result of the offense charged in the Information. LEE further acknowledges that the aggregate value of such property was $48,059.52; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $48,059.52 (the "Money Judgment"). LEE consents to the entry of an order requiring LEE to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to LEE prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Department of Treasury indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

LEE further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

LEE waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. LEE understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise LEE of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. LEE waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. LEE

further understands that LEE has no right to demand that any forfeiture of LEE's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon LEE in addition to forfeiture.

LEE further understands that the Government may require LEE to complete a Financial Disclosure Statement. LEE agrees that if the Government requests one, LEE is required to accurately complete it within 14 days of the Government's request. If the Government requests one but LEE fails to timely provide a complete and accurate Financial Disclosure Statement, or if the Government determines that LEE has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on LEE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of LEE's activities and relevant conduct with respect to this case.

Stipulations

This Office and LEE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with the stipulations in a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that any Schedule A stipulation is not binding shall not release either this Office or LEE from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and LEE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

LEE understands that, if LEE is not a citizen of the United States, LEE's guilty plea to the charged offense will likely result in LEE being subject to immigration proceedings and removed from the United States by making LEE deportable, excludable, or inadmissible, or ending LEE's naturalization. LEE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LEE wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause LEE's removal from the United States. LEE understands that LEE is bound by this guilty plea regardless of any immigration consequences. Accordingly, LEE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. LEE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against LEE. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude LEE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between LEE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ROBERT FRAZER
United States Attorney

By: Benjamin D. Bleiberg
Assistant U.S. Attorney

APPROVED:

*s/ Aaron L. Webman*

Aaron L. Webman
Deputy Chief, Economic Crimes Unit

I have received this letter from my attorney, Terrell A. Ratliff, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Thomas Lee

Thomas Lee

Date: 7/22/26

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Terrell A. Ratliff, Esq.
Counsel for Defendant

Date: 7/22/24

Plea Agreement With Thomas Lee

Schedule A

1. This Office and Thomas Lee ("LEE") agree to stipulate to the following facts:

a. Between in or around March 2023 and June 2025, LEE participated in a conspiracy to open bank accounts under false pretenses and deposit stolen checks into the bank accounts (the "Conspiracy").

b. The Conspiracy involved a loss amount greater than $9,500,000 but not greater than $25,000,000. U.S.S.G. § 2B1.1(a)(1)(K).

c. The Conspiracy involved sophisticated means and LEE intentionally engaged in or caused the conduct constituting sophisticated means. U.S.S.G. § 2B1.1(b)(10)(C).

d. While engaged in the Conspiracy LEE was serving a sentence of probation. U.S.S.G § 4A1.1(e).

e. LEE was a minor participant in the Conspiracy. U.S.S.G. § 3B1.2(b).

f. During the Conspiracy LEE facilitated the fraudulent deposits or attempted deposits of at least the following stolen checks:

| Check | Check Payee | Victim | Check Amount |
|---|---|---|---|
| 1 | Payee 1 | Victim 1 | $48,059.52 |
| 2 | Payee 2 | Victim 1 | $94,291.59 |
| 3 | Payee 3 | Victim 1 | $139,383.59 |
| 4 | Payee 4 | Victim 1 | $48,479.64 |
| Total | | | $330,214.34 |

2. This Office and LEE agree to stipulate that the victims sustained losses in at least the amounts listed below as a result of LEE's individual actions during the offense charged in the Information as follows:

| Victim | Amount |
|---|---|
| Victim 1 | $142,351.11 |

3. The parties further agree that the reasonable sentence, taking into account all the factors under 18 U.S.C. § 3553(a), will depend on the Court's determination of LEE's criminal history category. If the Court determines at sentencing that LEE's criminal history category is IV, a term of imprisonment within the range of 37 to 46 is reasonable; if the Court determines at sentencing that LEE's

criminal history category is V, a term of imprisonment of 46 to 57 months is reasonable; and if the Court determines at sentencing that LEE's criminal history category is VI a term of imprisonment of 51 to 63 months is reasonable. Neither party will argue for a term of imprisonment outside of the range established after the determination of LEE's criminal history category (the "Stipulated Range"). The parties recognize, however, that the Stipulated Range will not bind the District Court.

4. If the District Court imposes a sentence within the Stipulated Range:

a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b. LEE will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions, however, do not apply to:

i. Any component of the sentence that is above an applicable statutory maximum penalty for LEE's offense of conviction;

ii. Any proceeding to revoke the term of supervised release;

iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore,

neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.